

FILED

OCT 1 4 2008

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

Bankruptcy Judge:     Hon. Redfield T. Baum

Case Name:            Ca Tel Telecommunications, Inc.,     Chapter 11

Case No.:             2:08-bk-01089-RTB

Subject of Hearing:   Motion For Authority to Pay Subcontractors With Claims Against the
                      Debtor and Qwest Corporation and Determination Payments Do Not
                      Violate Stay...et al...

Date Matter Taken
Under Advisement:     September 16, 2008

Date Matter Ruled
Upon:                 October 14, 2008

Pending before the court is the motion by Qwest Corporation for authority to pay

subcontractors with claims against the debtor and Qwest and determination that such payments

do not violate the automatic stay or, alternatively, to grant stay relief to allow payment to

subcontractors and exercise the right of setoff.  The motion is opposed by the debtor.

There is a lot of merit to Qwest's motion.  The issues that resulted from these

construction projects need to be resolved. The debtor has not acted to get these claims resolved.

The sooner that occurs the better for all concerned.  However, the difficulty that the pending

motion presents is it appears to seek to allow Qwest to function as the judge by authorizing it to

make the payments and any such payments will be binding upon the debtor and this bankruptcy

estate.  The court's reading of the cases relied upon by Qwest authorize recoupment and/or setoff subject to judicial determination that the claims recouped and/or offset are valid.

The court will not grant Qwest relief that effectively denies the parties the right to have an independent determination of these conflicting claims.  The court will grant relief that allows such claims to be determined by a court that has jurisdiction over the necessary parties or to any other forum that the necessary parties agree can arbitrate or mediate these claims.  Further, the court directs that the debtor and Qwest immediately meet and confer to attempt to agree on any undisputed claims or portions thereof that they agree can be paid so that only those disputed claims remain for resolution.

The motion, as filed,  is denied, without prejudice; but the court will grant appropriate relief that satisfies the requirements set forth above.


Copy of the foregoing
mailed this /4/ day of
October, 2008 to:

James F. Kahn
JAMES F. KAHN, P.C.
301 East Bethany Home Road, #C-195
Phoenix, Arizona   85012

William J. Simon
Christopher R. Kaup
TIFFANY & BOSCO
Third Floor Camelback Explanade II
2525 East Camelback Road
Phoenix, Arizona   85016-4237

John R. Worth
FORRESTER & WORTH, PLLC
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

Donald F. Ennis
Steven D. Jerome
SNELL & WILMER, L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, Arizona   85004-2202

Elizabeth C. Amorosi
Office of the U S. Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona   85003-1706

Scott K. Brown
LEWIS & ROCA, LLP
40 North Central Avenue
Phoenix, Arizona   85004-4429

by _____
        Judicial Assistant